UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAMEO LOREE GARRETT,<br><br>Plaintiff,<br><br>v.<br><br>ARCHDIOCESE OF TACOMA, et al.,<br><br>Defendants. | CASE NO. 3:23-CV-5088-DGE<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: March 10, 2023 |

  Plaintiff Cameo Loree Garrett, proceeding *pro se*, initiated this action on February 3, 2023. *See* Dkt. 1. The District Court has referred Plaintiff's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 11-22.

  Having reviewed Plaintiff's Application to Proceed IFP and screened the proposed complaint under 28 U.S.C. § 1915(e)(2), the Court recommends Plaintiff's Application to Proceed IFP be denied and this case be dismissed.

REPORT AND RECOMMENDATION - 1

## I. Background

On February 3, 2023, Plaintiff filed the proposed complaint naming the Archdiocese of Tacoma, the Archdiocese of Seattle, the Archdiocese of Spokane, the Roman Catholic Church, Holy See, Vatican of the Holy See, City of Tacoma, Tacoma Police Department, Lakewood Police Department, Lakewood Court, Nisqually Jail, Catherine Middleton, Adolf Hitler – family members and clones --, and Multicare Hospital as Defendants. Dkt. 1-1. Plaintiff filed the Application to Proceed IFP that same day. Dkt. 1.

## II. Discussion

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the "privilege of pleading *in forma pauperis* . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). The Court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

Notwithstanding IFP status, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim).

Unless it is clear a *pro se* plaintiff cannot cure the deficiencies of a complaint, the Court will provide the *pro se* plaintiff with an opportunity to amend the complaint to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

Here, Plaintiff's proposed complaint is incoherent. *See* Dkt. 1-1. For example, Plaintiff has not stated any claims against any defendants, appears to be filing an identical lawsuit as one she is pursuing in Portland, Oregon, and nearly all the named defendants are improper. In sum, Plaintiff does not identify any claims she is alleging against Defendants and has not named proper defendants. Therefore, the Court finds the proposed complaint fails to state a claim upon which relief can be granted and is frivolous.

The Court further finds the proposed complaint fails to contain factual allegations against defendants that could plausibly give rise to a claim and, thus, the undersigned finds dismissal without leave to amend is appropriate in this case.

### III.    Conclusion

For the above stated reasons, the Court recommends Plaintiff's Application to Proceed IFP (Dkt. 1) be denied and this case be dismissed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

1  imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on

2  March 10, 2023, as noted in the caption.

3     Dated this 21st day of February, 2023.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4